IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR S. FOLK, | : | Civil No. 3:22-cv-599 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Defendants | : | |

FILED
SCRANTON
MAY 03 2023
PER_____
DEPUTY CLERK

## MEMORANDUM

Plaintiff Omar S. Folk ("Folk"), an inmate confined at the Federal Correctional Institution, Schuylkill, Pennsylvania, filed a complaint in this action raising claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346[1], and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[2] (Doc. 1). Named as Defendants are the United States of America, Medical Director Elizabeth Stahl, Dr. Brian Buschman, Dr. Thomas Cullen, and Regional Counsel Darrin Howard. Presently pending before the Court is Defendants' motion to dismiss or, in the alternative, for a more definite statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e). (Doc. 28). For the reasons set forth

---

[1] The Federal Tort Claims Act allows plaintiffs to seek damages from the United States for certain torts committed by federal employees. 28 U.S.C. §§ 1346(b), 2674.

[2] In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers.

below, the Court will grant Defendants' motion to dismiss and grant Folk the opportunity to file an amended complaint.

I. **Allegations of the Complaint**

Folk's claims allegedly arose in 2012 while housed at the United States Penitentiary, Allenwood, Pennsylvania ("USP-Allenwood"), and the Federal Correctional Institution, Allenwood-Medium, Pennsylvania ("FCI-Allenwood"). (Doc. 1, p. 4). He alleges that Dr. Buschman prescribed medication in 2014, without a consultation with an endocrinologist or otolaryngologist. (*Id.*). Folk believes that Elizabeth Stahl "should be liable under BOP polic[y] and Custom when signing off outside lab test result and pathologist reports." (*Id.*). He alleges that Dr. Cullen failed to biopsy moles beginning in 2018. (*Id.*). Folk further claims that Regional Counsel Darrin Howard "caus[ed] Folk to suffer Deliberate Indifference, Delay Damages, Carelessness. Which can be leading to further organ damages." (*Id.*). He also asserts that the water supply is contaminated and may cause medical problems. (*Id.*).

For relief, Folk requests treatment from an outside medical provider, immediate release, and monetary relief. (*Id.* at p. 5).

II. **Legal Standards**

A. **Federal Rule of Civil Procedure 12(b)(6)**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The

2

plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

### B. Federal Rule of Civil Procedure 12(e)

Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED R. CIV. P. 12(e). The rule "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." *Schaedler v. Reading Eagle Publ'n*, 370 F.2d 795, 798 (3d Cir. 1966). "Motions for a more definite statement are not viewed with favor and should be granted only if the allegations contained in the complaint are so vague that the defendant

cannot reasonably be expected to frame a response to it." *Wilson v. U.S.*, 585 F.Supp. 202, 205 (M.D. Pa. 1984).

## III. Discussion

Defendants argue that Folk's complaint fails to comply with Federal Rules of Civil Procedure 8 and 20. (Doc. 29, pp. 5-8). They assert that they cannot adequately respond to the complaint without knowing exactly what conduct each Defendant allegedly engaged in which Folk claims resulted in a violation of his rights. (*Id.*). Defendants, therefore, request that their motion be granted, and Folk be directed to file an amended complaint. (*Id.*).

Federal Rule of Civil Procedure 8 establishes the general rules of pleading. See FED. R. CIV. P. 8. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) speaks to factual allegations, requiring that "[e]ach allegation . . . be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). These rules task the plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." *Phillips*, 515 F.3d at 232 (quoting *Twombly*, 550 U.S. at 555). This standard requires more than legal labels and conclusory assertions: a complaint must include enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Folk's complaint fails to meet these basic pleading requirements. The factual narrative begins in 2012 and alleges various forms of inadequate medical care and

5

unsanitary living conditions. While some of the claims arguably provide sufficient factual detail to satisfy Rule 8, (see, e.g., Doc. 1, p. 4 (describing incident involving alleged failure to biopsy moles)), most of the run-on sentences offer nothing more than an abbreviated and disconnected summary of isolated events. For example, Folk states that the "claims arose from USP Allenwood and FCI Medium Allenwood 11-22-13 up to the present time. Then also stem from 'DCP' and [']PCP' blood work and ingest Mental Pills, Stomach Pills to treat heart burn, pointing back to 2012. Now turning to water supply other medications." (Id.). Additionally, some of the purported claims fail to identify the allegedly responsible Defendant at all. The complaint also fails to identify the legal theory supporting the individual claims. Rather, it lists a hodgepodge of alleged violations—"Plaintiff will state he suffer Deliberate Indifference, Negligence, Loss of Enjoyment, Carelessness and Recklessness under Pa. R. Civ. 238(a)(1)"—but fails to clearly link those theories to any of the named Defendants. (Id. at p. 5).

In sum, Folk's complaint "l[eaves] the defendants having to guess what of the many things discussed" constitute causes of action, the legal theory on which those causes may rest, and the Defendants against whom each cause is lodged. *See Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (nonprecedential). Folk's complaint thus fails to comply with Rule 8.

The lack of clarity in Folk's complaint causes an additional problem. Rules 18 and 20 of the Federal Rules of Civil Procedure explain the circumstances in which multiple

6

claims and multiple defendants may be joined. Rule 18 states that a party "may join . . . as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Thus, when an action involves only one defendant, a plaintiff may assert every claim he has against that defendant, regardless of whether the claims are factually or legally related to one another, subject only to the limits of federal subject-matter jurisdiction. *See* 7 CHARLES ALAN WRIGHT & MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 1582 (3d ed. 2019); *see also* FED. R. CIV. P. 18(a).

When a plaintiff seeks to assert claims against multiple defendants, however, Rule 20 also comes into play. *See* WRIGHT & MILLER, *supra*, § 1655. Rule 20 governs permissive joinder of parties and explains that a plaintiff may only join multiple defendants in a single case if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). In other words, notwithstanding the broad joinder-of-claims language of Rule 18(a), a plaintiff may join multiple defendants in a single complaint only if he asserts at least one claim linking all defendants that (1) arises out of the same transaction or occurrence and (2) involves a common question of law or fact. *Id.*; WRIGHT & MILLER, *supra*, § 1655. That is, there must be at least one common claim against all named defendants. Once a plaintiff satisfies this requirement, he may invoke Rule 18 to assert "as many claims as [he] has" against one or more defendants, even if

those additional claims are unrelated to the common claim linking all defendants. *See* FED. R. CIV. P. 18(a); WRIGHT & MILLER, *supra*, § 1655.

Folk's complaint violates Rule 20. The Court is unable to discern a single claim in the complaint which properly links all Defendants. For example, there is no obvious connection between Dr. Buschman prescribing medication in 2015 and Dr. Cullen failing to conduct a biopsy in 2018. Under Rule 20, such disconnected and unrelated claims against multiple defendants cannot stand. The complaint becomes more confusing when Folk states that the "United States of America is sole defendant and is liable 100% for damages," despite Folk clearly naming four other individual Defendants. (Doc. 1, p. 4).

Noncompliance with Rule 20 is particularly problematic in cases under the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA substantially changed judicial treatment of prisoner civil rights actions. Specifically, under the PLRA, the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of independent claims in a civil action without making the required connection among joined defendants under Rule 20 would circumvent the filing fee requirement of the PLRA.

## IV.   Conclusion

The Court grant Defendants' motion (Doc. 28) to dismiss and afford Folk the opportunity to amend the complaint to comply with the Federal Rules of Civil Procedure. Any amended complaint must comply with both Rule 8 and Rule 20, as detailed above. The amended complaint must more clearly state the basis for the claims lodged against each

8

Defendant. *See* FED. R. CIV. P. 8(a). If Folk's amended complaint names more than one Defendant, the pleading must identify at least one common cause of action against all of them. *See* FED. R. CIV. P. 20(a)(2).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May 3, 2023